

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDSAFWAY SERVICES, LLC,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 169,<br><br>Defendant-Appellant. | No. 22-16638<br><br>D.C. No.<br>3:20-cv-00362-MMD-CLB<br>District of Nevada,<br>Reno<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted October 19, 2023[***]
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Laborers International Union of North America, Local 169 (Local 169) appeals the district court's grant of summary judgment in favor of BrandSafway Services, LLC (BSS) after the district court ruled that a 1969 Short Form Agreement was inadmissible hearsay because it was not within the business record exception under Rule 803(6) of the Federal Rules of Evidence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court did not abuse its discretion in ruling that the circumstances under which Local 169 proffered the 1969 Short Form Agreement cast doubt on its authenticity and trustworthiness, and thus BSS showed that the document lacked trustworthiness under element (6)(E) of Rule 803. The district court found that neither BSS nor its immediate predecessor had a record of this agreement and that the Business Manager of Local 169, Richard Daly, testified that no written agreement exists between the parties prior to the late discovery of the document. Moreover, the record indicates BSS's previous name was "Fred Perry Sportswear Inc." before 1994, and nothing in the record indicates that BSS was named "Safway Steel Products" in 1969, which undercuts any conclusion that Safway Steel Products, the party to the 1969 Short Form Agreement, was a predecessor to BSS during the relevant time period. These findings call into question whether the 1969 Short Form Agreement is trustworthy for what it purports to be: an

2

agreement to which BSS is a party. *Cf. United States v. Scholl*, 166 F.3d 964, 979 (9th Cir. 1999) (holding that district court did not abuse its discretion in admitting business records that purported to be estimates because they were "trustworthy for what they are—estimates").

In addition, Local 169 failed to make an adequate showing of element (6)(A) of Rule 803. There is nothing in the record to indicate who created the 1969 Short Form Agreement. Accordingly, there is nothing to establish that the record was created or transmitted by "someone with knowledge." Fed. R. Evid. 803(6)(A).

To the extent Local 169 argues that BSS became a signatory to the Laborers Master Agreement (LMA) by requesting and employing Local 169 workers, we disagree. Such requests and employment were pursuant to the requirements of the National Maintenance Agreement, not the LMA, as shown by multiple Local 169 trust fund reports from March 2006 to February 2009. Accordingly, there is no genuine dispute that BSS and Local 169 are not parties to the LMA due to the parties' conduct. *See Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 256 (Nev. 2012).

**AFFIRMED**.[1]

---

[1] Local 169's pending motion requesting judicial notice, Dkt. 25, is **GRANTED.**